IKUTA, Circuit Judge,
dissenting:
We’ve given police a simple, commonsense rule to deal with vehicles that are left unattended because the driver has been placed under arrest. No complex legal analysis is required. The police merely have to determine whether it’s necessary to remove the vehicle from a public location in order to “prevent it from [1] creating a hazard to other drivers or [2] being a target for vandalism or theft.” Miranda v. City of Cornelius, 429 F.3d 858, 864 (9th Cir.2005); see also United States v. Jensen, 425 F.3d 698, 706 (9th Cir.2005) (holding that once an arrest is made, the community caretaking doctrine “allow[s] law enforcement officers to seize and remove any vehicle which may impede traffic, threaten public safety, or be subject to vandalism”). If the officers determine that either prong of this simple test is met, they may impound the vehicle in furtherance of their community caretaking function. See Miranda, 429 F.3d at 863-65S.
But today, the majority muddies this simple rule. The facts of this case meet the community caretaking test perfectly, and yet the majority holds that the doctrine is not applicable. Because the majority cannot articulate what distinguishes this case, it appears that the majority’s decision today is a mere fact-bound footnote to our long line of precedents establishing the community caretaking doctrine.
Let’s start with the facts of this case. The district court determined that the police made a lawful traffic stop and properly arrested the defendant for driving without a valid driver’s license.[1] The district court found that Cervantes’s car was many miles from his home and there was no licensed *1144 passenger to drive the car back to his home. These findings are not clearly erroneous. See United States v. Feldman, 788 F.2d 544, 550 (9th Cir.1986) (“We uphold a district court’s findings of fact at a suppression hearing unless they are clearly erroneous.”), cert. denied, 479 U.S. 1067, 107 S.Ct. 955, 93 L.Ed.2d 1003 (1987). Therefore, as the district court concluded, it was reasonable for the officers to impound the car to protect it from vandalism or theft.
Our precedent compels us to affirm. For example, in Ramirez v. City of Buena Park, an officer impounded a man’s vehicle for safekeeping after arresting him on suspicion of drunk driving. 560 F.3d 1012, 1016-19 (9th Cir.2009). The car was legally parked in a drugstore parking lot a little over a mile from the man’s home. Id. at 1019. We held that the impoundment was justified by the community caretaking doctrine because (1) there was “nothing in the record indicating when Ramirez could return to the drugstore to retrieve his car,” and (2) “[ljeaving Ramirez’s car in the drugstore parking lot would have made it an easy target for vandalism or theft.” Id. at 1025. The exact same factors are applicable in this case. See id.; see also Hallst-rom v. City of Garden City, 991 F.2d 1473, 1477 n. 4 (9th Cir.1993) (holding that officers’ impoundment of an arrestee’s car from a private parking lot “to protect the car from vandalism or theft” was reasonable under the community caretaking doctrine).[2]
Because this case is on all fours with our precedent, it’s not surprising that the majority is unable to explain why this case doesn’t meet our community caretaking standard. The majority gives two reasons for reaching this conclusion, and neither of them withstands scrutiny. First, the majority relies on the fact that the police officers did not expressly testify that the vehicle was “parked illegally, posed a safety hazard, or was vulnerable to vandalism or theft.” Maj. op. at 1141. But we have never held that the lack of testimony on these points is a fatal flaw; rather, we have concluded that a vehicle left unattended in an exposed or public location when the driver is taken into custody is necessarily vulnerable to vandalism or theft. See Ramirez, 560 F.3d at 1025; Hallstrom, 991 F.2d at 1477 n. 4. Here, the record clearly shows that the arresting officers had good reason to impound Cervantes’s car. At the suppression hearing, the government introduced a photograph (attached here) showing the exact location where Cervantes was pulled over. One of the arresting officers testified that he pulled Cervantes over “just at the top of the hill that you see in the photograph,” after Cervantes had turned left from Polk Street onto the southbound side of Laurel Canyon Boulevard in Pacoima. The photograph reveals the danger of the situation: Cervantes’s car would have been parked at the curb of a four-lane boulevard where there was no apparent parking lane or shoulder, and where the posted speed limit was 40 miles per hour. Not only would an abandoned car in this location have been vulnerable to damage, vandalism, or theft, as the district court found, but it also would have been a hazard to other drivers.[3]
*1145 Second, the majority argues that the officers were not entitled to impound Cervantes’s car under state law because they arrested Cervantes after impounding the vehicle, instead of before. This, too, is incorrect. Under California Vehicle Code §§ 22651(h)(1) and 14602.6(a)(1), the im-poundment must be incident to an arrest, but neither section specifies whether arrest or impoundment should happen first.[4] The district court found that the police officers did not impound and search Cervantes’s vehicle until they had probable cause to arrest Cervantes for driving without a valid license. The court therefore reasonably concluded that the impoundment was contemporaneous with and incident to the decision to arrest, in accordance with both the California Vehicle Code and Los Angeles Police Department policy.
In short, neither of the majority’s reasons for reversing the district court’s well-supported conclusion holds water. Because this decision is contrary to both case law and common sense, I respectfully dissent.
*? [[Image here]]

. The majority does not dispute that the police officers had probable cause to arrest Cervantes for driving without a valid license when they decided to impound his vehicle. Cervantes could not produce a copy of his license upon request, and when the officers told him they could not find a valid driver’s license for him in their database, Cervantes told the officers that he had been arrested for driving under the influence, that his license had been taken away, and that he was taking classes. In these circumstances, any reasonable officer would have arrested Cervantes to prevent him from driving off illegally.

. The majority attempts to distinguish Hallst-rom on the ground that it involved impoundment of a vehicle from a parking lot, maj. op. at 1142, but provides no explanation as to why a vehicle is an easier target for vandalism or theft in a private parking lot than it would be on the street.

. The majority attempts to distract attention from the photographic evidence that Cervantes’s car was pulled over on a major thoroughfare by arguing that the photograph itself does not prove that Cervantes’s car would impede traffic or pose a safety hazard. Maj. op. at 1142 n.l. This is a red herring, of *1145 course, because the government has no obligation to prove that a car would be a safety hazard in order to meet the requirements of the community caretaking doctrine. Rather, the government needs to show only that a car would be "an easy target” for vandalism or theft — which may be the case even if it's parked in a parking lot. Ramirez, 560 F.3d at 1025. The government easily carried this burden, and the majority’s strenuous assertions to the contrary are unsupported by any case law.

. See Cal. Vehicle Code § 22651(h)(1) (the police may impound a vehicle ”[w]hen an officer arrests a person driving or in control of a vehicle for an alleged offense and the officer is, by this code or other law, required or permitted to take, and does take, the person into custody”); Cal. Vehicle Code § 14602.6(a)(1) ("Whenever a peace officer determines that a person was driving a vehicle while his or her driving privilege was suspended or revoked, ... the peace officer may ... immediately arrest that person and cause the removal and seizure of that vehicle... .”).